UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES DERRICK SIMPSON, ANTHONY SOBCZAK, AND DONNA SOBCZAK, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. ) |
| T H R & ASSOCIATES, INC., | ) ) |
| Defendant. | ) ) |

## COMPLAINT

Come now the Plaintiffs, James Derrick Simpson, Anthony Sobczak, and Donna Sobczak, by and through undersigned counsel and for their Complaint against T H R & Associates, Inc., the Plaintiffs states as follows:

1. The Plaintiff, James Derrick Simpson, is a resident and citizen of Springfield, Robertson County, Tennessee.

2. The Plaintiff, Anthony Sobczak and Donna Sobczak, are residents and citizens of Arlington, Shelby County, Tennessee.

3. The Defendant, THR & Associates, Inc., is a foreign corporation authorized to be and doing business in Tennessee, wherein the allegations set forth in this complaint occurred. The Defendant may be served by and through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves one or more Federal Statues, including but not limited to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act Amendments Act of 2008.

5. This Court has personal jurisdiction because THR & Associates, Inc., conducts business within the State of Tennessee. THR & Associates, Inc. performed services in Tennessee, advertised in Tennessee, held shows in Tennessee and otherwise purposefully availed itself of the privilege of conducting business within Tennessee.

6. Venue is proper in the Nashville Division of the Middle District of Tennessee pursuant 28 U.S.C. § 1391(b) because the Nashville Division of the Middle District is where a substantial part of the events giving rise to the claim occurred.

7. Each Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission in a timely manner and was each issued a right to sue letter, which are attached as Exhibit A to this Complaint.

## FACTS

8. The Plaintiff, James Derrick Simpson, was hired by the Defendant on or about February 2009 as a Diamond, Gold, and Coin Buyer.

9. The Plaintiff, Anthony Sobczak, was hired by the Defendant on or about February 11, 2009 as a Diamond, Gold, and Coin Buyer.

10. The Plaintiff, Donna Sobczak, was originally hired by the Defendant as a greeter on or about February 11, 2009. Her position subsequently changed to a buyer, until June 2, 2010 when her position was changed to a greeter/field auditor/check writer.

11. The Plaintiff, James Derrick Simpons is a 43 year old Caucasian male.

12. The Plaintiff Donna Sobczak, is a 64 year old Caucasian female.

13. The Plaintiff, Anthony Sobczak, is a 64 year old Caucasian male.

14. On or about the beginning of June, 2010, the Plaintiffs attended their first show with new manager Chris Peeler, an employee of the Defendant.

15. Prior to meeting Plaintiff Donna Sobczak, Chris Peeler, asked other co-workers about her age and appearance.

16. After meeting Donna and Anthony Sobczak, Chris Peeler commented that his team would never make the cable TV program because of Donna and Anthony Sobczak's age and appearances.

17. In addition to the comments Chris Peeler made about age, all three Plaintiffs began to witness and experience a sexually hostile work environment from direct supervisor and district manager, Chris Peeler and Lance Stone.

18. Most of the inappropriate sexual comments were directed at or involved a female team member, Amy Brown, but occurred in the Plaintiffs presences.

19. Additionally, while the Plaintiffs were working, their direct superiors would make inappropriate comments about women's breasts; discussed their own penis sizes, appearances, etc; inquired about sexual intimate acts of the team members, offered unwelcome details of their own sexual lives; and Plaintiff James Derrick Simpson was further harassed due to his perceived sexual orientation by direct and persistent questioning about sexual topics and acts he would like to have with various female clientele and co-worker.

20. In late June/early July, 2010, the Plaintiffs Tony Sobczak and Donna Sobczak attended a dinner with manager, Chris Peeler and his boss, Lance Stone. During dinner, Chris Peeler and Lance Stone discussed sending pictures of their penises to each other and whose penis was larger in the presence of Plaintiffs Tony and Donna Sobczak and other team members at dinner.

21. During late June/early July 2010, Lance Stone asked a team member Amy Brown, to dinner. Amy Brown declined his invitation and stated she was going to eat with Plaintiffs Donna and Tony Sobczak. Lance Stone stated that Amy Brown would rather be with "old folks" instead of him.

22. Chris Peeler made ageist and sexist remarks to and about the Plaintiffs while working with them in June of 2010 and into July of 2010.

23. Additionally, Chris Peeler was aware that Plaintiff Donna Sobczak suffered from a disability and had requested an accommodation. Instead of accommodating Plaintiff Donna Sobczak, Chris Peeler commented about Plaintiff Donna Sobczak's disability, complained about her and required more of her than other non-disabled individuals.

24. On July 12, 2011, the Plaintiffs and other team members decided it was time to contact human resources about the sexual harassment and discrimination the team had been experiencing with Mr. Peeler. Plaintiff Tony Sobczak sent Anthony Enright, an employee in the Human Resources Department, an email on July 12, 2011 requesting a private conference call with the team members.

25. On July 13, 2010, the Plaintiffs and other team members participated in a conference call with Mr. Enright where all Plaintiffs reported inappropriate sexual

harassment. Amy Brown provided additional details of the sexual harassment and comments she had been subjected to and the group also addressed other work related concerns such Plaintiff Donna Sobczak's disability and Mr. Peeler's statements that he wanted to get rid of the team members and was refusing to pay them travel or mileage, which had previously been provided.

26. The following day, Wednesday, July 14, 2010, Chris Peeler told other team members that Plaintiffs Donna and Anthony Sobczak would be fired.

27. On the next day, Thursday, Chris Peeler told all three Plaintiffs that no one was being fired and everyone was doing a good job.

28. On Thursday, July 15, 2010, Chris Peeler and the Plaintiffs participated in a conference call with Lance Stone who advised the team members, including Plaintiffs, that they needed to work out these issues amongst themselves and referred to the complaints the group made to Mr. Enright as "bubble gum" issues.

29. On Sunday, July 18, 2011, Mr. Enright contacted Plaintiff Anthony Sobczak and informed him that he and Plaintiff Donna Sobczak were being terminated. No reason or explanation for the terminations was given by Mr. Enright.

30. On Sunday, July 18, 2011, Mr. Enright contacted Plaintiff James Derrick Simpson and informed him that he was being terminated. No reason or explanation for the termination was given by Mr. Enright.

31. The Plaintiffs each filed a charge of discrimination with the Equal Employment Opportunity Commission in a timely manner.

# COUNT I
# TITLE VII SEXUAL HARASSMENT
# APPLICABLE TO ALL PLAINTIFFS

32. Plaintiffs re-allege and incorporate herein all allegations contained in paragraph 1 through 31 above.

33. At all times pertinent to this action, Plaintiffs were "employees" or "people" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e.

34. At all times pertinent to this action, Defendant was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e.

35. Beginning on or about June 2, 2010 and continuing through their termination on July 18, 2010, the Plaintiffs were subjected to harassment and discrimination based upon sex by the Defendant's employees, including but not limited to the Plaintiffs' supervisors and management. Plaintiffs were subjected to a sexually hostile work environment.

36. From June, 2010 through the Plaintiff termination, Plaintiffs' supervisor had made sexually inappropriate and explicit comments regarding the female clientele and co-workers.

37. The Plaintiffs Tony and Donna Sobczak witnessed and were made aware of unwelcome sexual advances, requests for sexual favors and inappropriate sexual comments while working.

38. The Plaintiff, James Simpson, was asked questions of a sexual nature about a female co-worker. His supervisor asked Plaintiff James Simpson's co-workers about Simpson's sexual orientation. Chris Peeler advised Plaintiff James Derrick

Simpson that he saw pictures of Lance Stone's penis and that Lance Stone was well endowed. Shortly thereafter, Chris Peeler directed Plaintiff James Derrick Simpson to a link through the Defendant's website that showed Lance Stone exposing himself and simulating a sexual act with another man.

39. On July 13, 2010, all three Plaintiffs reported the sexually hostile environment and the supervisor's harassment.

40. In response to the July 13, 2010 report of harassment, no investigation was conducted by the Defendant.

41. Additionally, on July 14, 2010, Plaintiff James Simpson advised his supervisor, Chris Peeler, that he did not want to be questioned any further about his desires to have sex with his female co-worker.

42. From June, 2010 through July 18, 2010, the Defendant discriminated against all three Plaintiffs with respect to the terms, conditions, and privileges of employment because of sex.

43. At all pertinent times, (1) the Plaintiffs are members of a protected class, male and female; (2) the Plaintiffs were subjected to unwelcome sexual harassment; (3) the harassment complained of was based upon sex; (4) the sexual harassment created a hostile work environment, for which (5) the Defendant employer is liable.

44. The Defendant is vicariously liable for the hostile work environment created by direct supervisor and district manager, Chris Peeler and Lance Stone; both of whom had immediate and successively higher authority over all three Plaintiffs.

45. At all relevant times as set forth herein, the sexual harassment from the Plaintiffs' supervisor(s) was so severe and pervasive, traumatic, continuous and

repetitive, as to create a hostile work environment which affected the terms, conditions, and/or privileges of the Plaintiffs' employment with the Defendant.

46. The harassment and discriminatory conduct which occurred frequent during the Plaintiffs' employment with Defendant was so severe in nature and was humiliating, traumatic, embarrassing and offensive that it unreasonable interfered with the Plaintiffs' work performance.

47. On July 18, 2010, all three Plaintiffs experienced a negative tangible employment action when they were terminated via telephone.

48. The Plaintiffs assert there is a causal connection between their termination and the Defendant's sexually hostile work environment.

## COUNT II
## TITLE VII RETALIATION
## APPLICABLE TO ALL PLAINTIFFS

49. Plaintiffs re-allege and incorporate herein the allegation contained in paragraph 1 through 31 above.

50. At all times pertinent to this action, Plaintiffs were "employees" or "people" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e.

51. At all times pertinent to this action, Defendant was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e.

52. Beginning on or about June 2, 2010 and continuing through their termination on July 18, 2010, the Plaintiffs opposed a practice declared discriminatory by Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e.

53. The Plaintiffs opposed sexual harassment, and discrimination in the workplace.

54. All three Plaintiffs reported harassment and discrimination to the Defendant's human resources department, via Anthony Enright on July 13, 2010.

55. On July 14, 2010, Plaintiff James Simpson also reported to his supervisor, Chris Peeler, that he did not want to be questioned any further about his sexual desires.

56. Thereafter, and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e-3, all three Plaintiffs were further retaliated against and terminated by the Defendant.

57. The Plaintiffs formal complaint to human resources was not taken seriously or investigated by the Defendant. Instead, the Plaintiffs' district manager, Lance Stone, called their complaints "bubble gum" issues and told them to get along.

58. Within four days of reporting harassment and discrimination, all three Plaintiffs were terminated by the Defendant.

59. By terminating the Plaintiffs, the Defendant retaliated and discriminated against Plaintiffs with respect to their terms, conditions, and privileges of employment because of the Plaintiffs' opposition to a practice declared discriminatory by Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e-3.

60. The Plaintiffs aver that the Defendant's reason for their respective terminations are pre-textual and further, the Plaintiffs were terminated in retaliation for engaging in protected activity by opposing discriminatory practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e-3.

# COUNT III
## AGE DISCRIMINATION IN EMPLOYMENT ACT 1967
## APPLICABLE TO ALL PLAINTIFFS

61. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 31 above.

62. At all times pertinent to this action, Plaintiffs were "employees" within the meaning of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 630.

63. At all times pertinent to this action, Defendant was an "employer" within the meaning of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 630.

64. Beginning on or about June 2, 2010 and continuing through their termination on July 18, 2010 the Plaintiffs were subject to harassment and discrimination based upon their age by the Defendant's employees, including but not limited to the Plaintiffs' supervisors and management.

65. On or about June 2, 2010, the Plaintiffs began being harassed due to their age by their younger supervisor, Mr. Chris Peeler.

66. The supervisor, Chris Peeler, would call Plaintiffs Donna and Tony Sobczak to other co-workers, "Old Folks" and also commented that Plaintiffs' Donna and Tony Sobczak were too old to appear on television.

67. Upon the termination of Mr. Sobczak, Mrs. Sobczak and Mr. Simpson, the Defendant hired younger employees to replace the team members.

68. All Tennessee team members over the age of 40 were terminated on July 18, 2010.

69. The Plaintiffs assert that they were treated poorly and received disparate treatment as compared to younger employees who were similarly situated.

70. As early as June, 2010, Chris Peeler discussed bringing in a younger crew.

71. The Plaintiffs assert that the Defendant unlawfully discriminated against and discharged the Plaintiffs with respect to compensation, terms, conditions and privileges of employment because of each Plaintiff's age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a).

72. At all relevant time periods, (1) the Plaintiffs were over forty years of age; (2) the Plaintiffs were terminated by the Defendant on July 18, 2010; (3) the Plaintiffs were replaced by younger workers; and (4) age was the determining and motivating factor in the Defendant's decision to terminate Plaintiffs.

73. The Plaintiffs assert that there is a casual connection between the Defendant's poor treatment, disparate treatment, discrimination and termination and the Plaintiffs' ages.

74. The Plaintiffs aver that the Defendant's reason for termination was pre-textual and further, the Plaintiffs were terminated because of their age.

## COUNT III
## AMERICANS WITH DISABILITIES ACT, AMENDMENTS ACT OF 2008 APPLICABLE TO PLAINTIFF DONNA SOBCZAK ONLY

75. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 31 above.

76. At all times pertinent to this action, Plaintiff Donna Sobczak was an "employee" within the meaning of the ADA Amendments Act of 2008, 42 USCA §12111.

77. At all times pertinent to this action, the Defendant was an "employer" within the meaning of the ADA Amendments Act of 2008, 42 USCA §12111.

78. At all times pertinent to this action, Plaintiff Donna Sobczak was a "qualified individual," within the meaning of the ADA Amendments Act of 2008, 42 USCA §12111; meaning she could perform the essential functions of her employment position with the Defendant with or without reasonable accommodation.

79. At all relevant times periods, as defined under Section 3 of the ADA Amendments Act of 2008, 42 USCA §12102, Plaintiff Donna Sobczak had (1) a physical impairment which substantially limited one or more major life activity; (2) had a record of such impairment; and/or (3) was regarded as having such impairment by the Defendant.

80. At all relevant times periods, as defined under Section 3 of the ADA Amendments Act of 2008, 42 USCA §12102, Plaintiff Donna Sobczak suffered from knee replacement, rheumatoid arthritis and chronic asthma, which affected her major life activities of walking, standing, bending, lifting, performing manual tasks, breathing and working in manual labor positions.

81. At all relevant times periods, as defined under Section 3 of the ADA Amendments Act of 2008, 42 USCA §12102, the operation of major bodily functions of Plaintiff Donna Sobczak's immune system (rheumatoid arthritis) and respiratory system (asthma) were substantially limited.

82. Plaintiff Donna Sobczak's physical impairments are permanent conditions, which affected her during June through August of 2010.

83. The Defendant's employee and agent, Chris Peeler, was aware of Plaintiff Donna Sobczak's medical conditions and disability.

84. Chris Peeler advised other co-workers that he liked to antagonize Plaintiff Donna Sobczak by asking her to perform tasks that were difficult for her like walking back and forth repetitively and packing and loading his suitcases into his car.

85. The Defendant repetitively from June, 2010 through her termination, asked Donna Sobczak to perform duties that she was limited in and which others were not asked to perform.

86. On or about June 2, 2010, supervisor, Chris Peeler made negative comments to other co-workers regarding the disabling condition of the Plaintiff, Donna Sobczak.

87. The Plaintiff, Donna Sobczak requested the reasonable accommodation of having the buyers walk the customers back to their tables. Plaintiff Donna Sobczak had many other job duties and it was difficult for her to repetitively walk the customers back to the buyer's tables. The buyers had agreed to meet the customers and walk them back to their tables themselves.

88. The district manager, Lance Stone acknowledged Plaintiff Donna Sobczak's many duties which included greeter, auditor and check writer, but denied Plaintiff's reasonable requested accommodation and advised that she had to be up and down, walking the customers back to the buyer tables as part of her job.

89. Even though it was difficult for Plaintiff Donna Sobczak to be up and down and walking the customers to the buyer's tables, she did as requested.

90. The Plaintiff Donna Sobczak complained about disability discrimination to the Human Recourse Department Mr. Anthony Enright via telephone on July 13, 2010.

91. The Plaintiff Donna Sobczak asserts that the Defendant discriminated against the Plaintiff on the basis of disability by denying her reasonable accommodation, starting around the beginning of June, 2010 and through her termination on July 18, 2010, in violation of the ADA Amendments Act of 2008, 42 USCA §12112.

92. The Plaintiff Donna Sobczak asserts that the Defendant discriminated against the Plaintiff on the basis of disability by discharging her, starting around the beginning of June, 2010 and through her termination on July 18, 2010, in violation of the ADA Amendments Act of 2008, 42 USCA §12112.

93. During this applicable time period the Plaintiff 1) suffered from physical conditions which substantially limited one or more of the Plaintiff's major life activities; 2) the Plaintiff was qualified and able to perform the required job despite the handicap or disability; and 3) the Defendant knowingly discriminated against the Plaintiff on the basis of her disability.

94. At all relevant dates and times as forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the handicap and disability discriminating behavior; (b) the Defendant did not properly supervise and train the Plaintiff's supervisors regarding appropriate behavior towards employees with injuries or disabilities; (c) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendant's policies towards a workplace free of handicap and disability discrimination; (d) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report handicap and disability discrimination occurring within the

Defendant's workplace; and (e) the Defendant did not have a viable and reasonable procedure and policy in effect to provide reasonable accommodation to its employees with disabilities.

95. The Plaintiff's managers and supervisors discriminated against Plaintiff as a result of her physical disability and/or their perception of her physical disability by refusing to engage in an interactive process about reasonable accommodations with Plaintiff, by denying her request for accommodation and then by terminating the Plaintiff, even though she was performing all her job duties and had not received any prior warnings or disciplinary action. The management teams' actions show that the Defendant had not properly trained the managers and supervisors or provided proper instruction regarding the handling and processing of employees with disabilities, to prevent discrimination against the Plaintiff for her disability.

96. At said relevant dates and times as set forth herein:

    a) the Plaintiff was a qualified individual with a disability that substantially limited a major life activity and/or the employer treated and perceived the Plaintiff as if the Plaintiff's impairment substantially limited a major life activity;

    b) the Plaintiff was able to perform the essential functions of her job with or without reasonable accommodation; and

    c) the Plaintiff suffered a tangible employment action in being discharged or terminated by the employer as a result of her disability in violation of The Plaintiff Donna Sobczak asserts that the Defendant discriminated against the Plaintiff on the basis of disability by denying her reasonable accommodation, starting around the beginning of June, 2010 and through her termination on July 18, 2010, in violation of the ADA Amendments Act of 2008, 42 USCA §12112.

## APPLICABLE TO ALL COUNTS

97. As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiffs were improperly harassed, discriminated against, retaliated against and terminated by the Defendant and are entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary losses.

98. Plaintiffs have retained MICHAEL D PONCE & ASSOCIATES to represent them in this action and have agreed to pay the firm reasonable attorney's fee for its services.

99. Plaintiffs further submit that the Defendant has acted: a) intentionally, b) maliciously, or c) recklessly in terminating the Plaintiffs and that the Plaintiffs are entitled to an award of punitive damages.

WHEREFORE PLAINTIFFS PRAY:

a) that service of process issue to Defendant as set forth in;

b) back pay and front pay;

c) pre-judgment interest;

d) applicable and available damages and consistent with the Rules of Civil Procedure, the amount awarded by the trier of fact should not exceed $500,000.00 for compensatory damages and $500,000.00 for punitive damages to the Plaintiff, James Simpson; $500,000.00 for compensatory damages and $500,000.00 for punitive damages to the Plaintiff, Donna

Sobczak; and $500,000.00 for compensatory damages and $500,000.00 for punitive damages to the Plaintiff, Anthony Sobczak.

e) reasonable attorney's fees and costs; and

f) other such relief as the Court deems just and equitable

g) that a jury of twelve (12) be empaneled to try this action.

Respectfully submitted,

MICHAEL D. PONCE & ASSOCIATES

*Nina Parsley*

Nina H. Parsley [BPR No. 23818]
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
Attorney for Plaintiffs
615-851-1776
615-859-7033 Facsimile
nina@poncelaw.com